Jacob M. Polakoff, Bar No. 035832006
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel. (215) 875-3000
Fax: (215) 875-4604
Email: jpolakoff@bm.net

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| LULA WILLIAMS, GLORIA TURNAGE, GEORGE HENGLE, DOWIN COFFY,<br><br>Plaintiffs,<br><br>v.<br><br>PHILIP BURGESS,<br><br>Defendant. | CASE NO.: 3:20-cv-5781<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW the Plaintiffs, by Counsel, and for their Complaint against the Defendant, they allege as follows:

### PRELIMINARY STATEMENT

1. This action is brought against Defendant Philip Burgess pursuant to the Fair Credit Reporting Act ("FCRA"). In particular, Plaintiffs bring this claim because non-party Microbilt Corporation, with which Burgess is closely affiliated, provided Plaintiffs' consumer reports to one or more third parties without a permissible purpose in violation of § 1681b, which enumerates specific purposes when a consumer reporting agency may furnish a report and "no other." 15 U.S.C. § 1681b(a).

2. As reflected by the discovery produced in a related proceeding, Defendant Philip Burgess, along with other non-parties Matt Martorello and Karrie Wichtman, requested and obtained the Plaintiffs' consumer reports to attempt to gain a litigation advantage in a class action currently pending in the Eastern District of Virginia, *Williams v. Big Picture Loans, LLC*. Through this conduct, Burgess is separately liable under the FCRA.

3. Plaintiffs previously sued Burgess, Martorello, Wichtman, and Microbilt for this conduct in the Eastern District of Virginia, but Mr. Burgess was successful in convincing that court that it lacked personal jurisdiction over him. *See Williams v. Microbilt Corporation*, No. 3:19-cv-00085-REP (E.D. Va.), ECF 16 (setting out basis for such arguments, and admitting Burgess's residence in this District).

4. Plaintiff therefore brings this case in the venue Mr. Burgess admitted is his home.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

7. Each Plaintiff is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

8. Defendant Philip Burgess ("Burgess") is a natural person and the founder of Microbilt. At all relevant times to this Complaint, Burgess was a "user" as governed by the FCRA.

## FACTS

9. On June 22, 2016, the Plaintiffs filed a lawsuit against Big Picture Loans, LLC, Ascension Technologies, LLC, and Martorello regarding an illegal rent-a-tribe lending scheme.

*Williams v. Big Picture Loans, LLC*, 3:17-cv-461 (E.D. Va.) (the "Big Picture Litigation").

10. On or around July 7, 2017, Defendant Burgess procured Plaintiffs' consumer reports from Microbilt and forwarded them to Wichtman, an attorney for Big Picture Loans and Ascension Technologies, at the request of Martorello.

11. These reports were obtained and used for litigation purposes in the Big Picture Litigation, including to gather information on Plaintiffs' credit history to prepare for and take their depositions and to make arguments regarding their standing and potential adequacy as class representatives.

12. However, the FCRA does not permit a consumer reporting agency to furnish, or a user to receive, credit reports for use in litigation. 15 U.S.C. § 1681b(a).

13. Therefore, Microbilt was not permitted to furnish Plaintiff's consumer reports to Defendant Burgess, Martorello, and Wichtman, nor were these individuals permitted to receive them.

14. Plaintiffs only discovered this illegal access of their consumer reports when Martorello produced text messages in the Big Picture Litigation. Specifically, on July 7, 2017, Martorello and Wichtman exchanged the following text messages:

| SMS Messages | 7/7/2017 11:21:41 AM (UTC-4) | To: +14802426959 Wichtman Karrie | Phil from microbilt is sending you the plaintiffs subprime credit history. . . he says they appear "very active". which sounds unlike someone harmed. |
|---|---|---|---|
| SMS Messages | 7/7/2017 11:30:31 AM (UTC-4) | From: +14802426959 Wichtman Karrie | Got it! Thanks |
| SMS Messages | 7/7/2017 11:40:11 AM (UTC-4) | To: +14802426959 Wichtman Karrie | at your service |

15. Also on July 7, 2017, Mr. Burgess forwarded by email a spreadsheet to Ms. Wichtman from his Microbilt email address at 11:03 a.m. The email originated with Ramesh Venkataramani, Microbilt's Director of Development.

16. Mr. Burgess's message to Ms. Wichtman was entitled "Favor," and the body stated "Karrie, this is for Matt." Matt of course is Mr. Martorello.

17. Based on the timing of Mr. Burgess's email (sent at 11:03 a.m.) and the second text message above (sent at 11:30 a.m.), Ms. Wichtman's response of "Got it!" confirmed to Mr. Martorello that she received the spreadsheet.

18. Ms. Wichtman also responded to Mr. Burgess's transmission email at 11:08 a.m., stating, "[r]eceived. Thanks Phil."

19. These communications took place within weeks after the Big Picture Litigation was filed.

20. The spreadsheet Mr. Burgess provided contained the subprime borrowing history for Plaintiffs, with hundreds of entries dating back as far as 2011. The spreadsheet indicated, among other details, the lenders, the loans' initial balances, bank account numbers, and whether the loans remained open or were paid.

21. The entries were not restricted to loans made by entities controlled by Mr. Martorello—the spreadsheet is a comprehensive borrowing history for each Plaintiff. The entries therefore reflected Plaintiffs' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, and mode of living.

22. Mr. Burgess followed-up with Ms. Wichtman a few minutes after his transmission of the spreadsheet, confirming both the intent that the information be used in the Big Picture Litigation and his desire to assist those efforts, by writing "[w]e can get someone to walk you

through t [sic] and if you end up using it, just subpoena MicroBilt and we will respond before the ink dries."

23. Ms. Wichtman did nothing to dissuade Mr. Burgess from this conduct, responding "[p]erfect! Thanks Phil! We will be in touch."

24. Defendant Burgess therefore used his connection with Microbilt to access Plaintiffs' consumer reports without an FCRA permissible purpose, and provide those reports to Martorello and Wichtman for their subsequent, improper use of the reports in the Big Picture Litigation.

25. Mr. Burgess's conduct violates the FCRA on its face.

26. Mr. Burgess's FCRA violations were willful. The FCRA's requirements regarding the furnishing and receiving of consumer reports only for an enumerated permissible purpose are well defined by the statute and the applicable case law. Mr. Burgess was well aware of these requirements. Thus, his violations of the statute were willful.

## COUNT ONE:
## VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681b(f)

27. The FCRA defines a "consumer report" broadly, as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—" credit, insurance, employment, or any other FCRA purpose. 15 U.S.C. § 1681a(d)(1).

28. These categories are colloquially called "seven characteristics" information.

29. The FCRA defines a consumer report as "any written, oral, or other communication of any information by a consumer reporting agency bearing on" the seven characteristics. *Id.*

30. Litigation is not a purpose for which consumer reports may be issued. *See* 15 U.S.C. § 1681b(a) ("[A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other . . .").

31. Microbilt qualifies as a consumer reporting agency under the FCRA, as it markets itself as such. It notes on its Internet website, for example:

- Smart businesses choose MicroBilt to provide the high-quality, cost-efficient consumer credit data they need to help ensure the best loan decisions are being made for their business.[1]

- With PRBC alternative credit scoring you can now assess the creditworthiness and ability to pay of the 100 million people who have no traditional credit history on file with the traditional credit houses.[2]

- MicroBilt is a convenient, single-source provider for consumer credit reports from Equifax, Experian and TransUnion.[3]

32. Defendant Burgess violated the FCRA, 15 U.S.C. § 1681b(f), by obtaining and using the Plaintiffs' consumer reports without a permissible purpose to do so. Specifically, Burgess impermissibly obtained copies of Plaintiffs' borrowing histories on or around July 7, 2017.

33. Because these borrowing histories were issued by a consumer reporting agency and reflect on the seven characteristics of Plaintiffs, they are consumer reports under the FCRA.

34. Burgess accessed Plaintiffs' consumer reports for strategic use in litigation, which is not a permissible purpose under the FCRA for accessing consumer reports.

---

[1] https://www.microbilt.com/category/credit-decisioning (last visited May 8, 2020).
[2] *Id.*
[3] *Id.*

35. Plaintiffs did not discover this violation until after Martorello produced the evidence of it in the Big Picture Litigation.

36. As a result of Defendant's conduct, the Plaintiffs suffered actual damages including, without limitation, violation of privacy and other emotional and mental distress.

37. Defendant's conduct was willful, rendering him liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

38. In the alternative, Defendant was negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

39. The Plaintiffs are also entitled to recover actual damages, statutory damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiffs demand judgment for actual, statutory and punitive damages against Defendant; for their attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Dated: May 11, 2020

Respectfully submitted,
PLAINTIFFS

/s/ Jacob M. Polakoff
Jacob M. Polakoff, Bar No. 035832006
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel. (215) 875-3000
Fax: (215) 875-4604
Email: jpolakoff@bm.net

E. Michelle Drake*
**BERGER MONTAGUE PC**

43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel. (612) 594-5933
Fax: (612) 584-4470
Email: emdrake@bm.net
*pro hac vice* forthcoming


Kristi Cahoon Kelly
Andrew J. Guzzo
Casey S. Nash
**KELLY GUZZO, PLC**
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Tel. (703) 424-7570
Fax: (703) 591-0167
Email: kkelly@kellyguzzo.com
      aguzzo@kellyguzzo.com
      casey@kellyguzzo.com
*pro hac vice* forthcoming

Leonard A. Bennett
Craig C. Marchiando
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News. VA 23601
Tel. (757) 930-3660
Fax: (757) 930-3662
Email: len@clalegal.com
      craig@clelegal.com
*pro hac vice* forthcoming

*ATTORNEYS FOR PLAINTIFFS*